IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEARL T. FLOWERS | : | CIVIL ACTION |
| v. | : | |
| JANE M. BRADY, et al. | : | NO. 11 - 414 |

MEMORANDUM

Bartle, J.                                              July 5, 2011

Plaintiff Gearl T. Flowers brings this pro se action under 42 U.S.C. § 1983 against M. Jane Brady, a judge on the Superior Court for New Castle County, and Ray Armstrong, a state public defender.[1] Flowers, an inmate in the custody of the Delaware Department of Corrections, alleges Judge Brady and Armstrong deprived him of his constitutional rights during a jury trial in which he was convicted. The court has authorized Flowers to proceed in forma pauperis.

Under 28 U.S.C. § 1915A, the court must review complaints filed by prisoners and dismiss "as soon as practicable" any action that is "frivolous, malicious, or fails to state a claim upon which relief can be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)&(b).

In exercising its statutory screening function, the

---

1. The plaintiff incorrectly identified the Judge as Jane M. Brady.

court reviews the inmate's complaint using the same standard that it would apply in considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Alexander v. Fletcher, 367 Fed App'x 289, 290 (3d Cir. 2010). In considering motions under Rule 12(b)(6), we accept as true all factual allegations in the pleading and draw all inferences in the light most favorable to the nonmoving party. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). We determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----,----, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). Because Flowers is proceeding pro se, we construe his pleading liberally and his complaint, "however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

Flowers was tried and convicted by a jury on charges, which he has not specified, in a Delaware state court trial over which Judge Brady presided.[2] Armstrong represented Flowers at trial. Flowers' § 1983 complaint alleges that Armstrong's representation was constitutionally deficient because Armstrong

---

2. The complaint fails to state any specific allegation with clarity. Because it is difficult to discern his arguments, we construe the complaint liberally.

failed to challenge two biased jurors.³  Flowers also alleges that Judge Brady failed to afford him an opportunity to participate in jury selection and conspired with the prosecutor to convict him.⁴

Though not clearly articulated, Flowers appears to assert that his Sixth Amendment right to trial by an impartial jury was violated when he was not afforded an opportunity to participate in jury selection and his counsel allowed two biased jurors to be seated.  He contends that as a result of this violation he was improperly convicted and confined.  In sum, he is challenging his state criminal conviction.

Flowers, currently incarcerated at the Howard Young Correctional Institution, requests that the court: (1) unseat Judge Brady and appoint a new judge to preside over a new trial,(2) remove Ray Armstrong as counsel and appoint new counsel,(3) review Flowers' motion for a bail reduction filed on or about April 18, 2011, and (4) review Flowers' "motion in opposition to a continuance" filed on or about April 13, 2011.

---

3. Flowers' complaint names the two jurors as Mr. Richardson and Ms. Marvel.

4. Flowers fails to state in his pleading the offense for which he was convicted.  Flowers also fails to indicate whether he has taken a direct appeal or filed a motion for post-conviction relief pursuant to Rule 61 of the Rules of Criminal Procedure for the Superior Court of the State of Delaware.

Flowers may not use an action under § 1983 to overturn his criminal conviction. Rather, as the Supreme Court has explained, "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994). The Supreme Court made it clear that "though a claim may come within the [scope] of a § 1983 action it may not be cognizable under that provision, and must be brought in a habeas corpus proceeding." Id.; see also Preiser v. Rodriquez, 411 U.S. 475 (1973). To grant any relief to Flowers, the court would have to find that he was tried and convicted in an unconstitutional manner in a state court trial.

Accordingly, the complaint fails to state a claim upon which relief can be granted, and it will be dismissed.